IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

**HORACIO D. HILL**,

        Movant,

v.

**UNITED STATES OF AMERICA**,

        Respondent.

Civil No. 16-00568-CV-W-DW
Crim. No. 10-00151-01-CR-W-DW

## ORDER

Before the Court is a Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. #1) filed by the movant, Horacio D. Hill. For the reasons stated herein, the motion is granted, and a resentencing hearing will be scheduled consistent with this Order.

### I. Background

On September 6, 2011, movant Hill pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Hill's presentence report found that he had at least three, qualifying, prior convictions that triggered an enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e). As a result, Hill was subject to a fifteen-year minimum sentence under the ACCA rather than the ten-year maximum otherwise applicable to a felon in possession conviction. The Court sentenced Hill to 180 months imprisonment and five years of supervised release. Hill now asks the Court to vacate and correct his sentence under 28 U.S.C. § 2255 arguing that in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he does not qualify as an armed career criminal. The government agrees that Hill no longer qualifies as an armed career criminal, that his sentence should be vacated, and that he should be resentenced. (Doc. #4).

## II. Discussion

The Court first finds that the motion for relief under 28 U.S.C. § 2255 is timely because it was filed within one year of the Supreme Court's decision in *Johnson*. *See* 28 U.S.C. § 2255(f)(3).

The Court next finds, pursuant to *Welch v. United States*, 578 U.S. —, 136 S. Ct. 1257 (2016), that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." *Welch*, 578 U.S. at —, 136 S.Ct. at 1263.

Furthermore, in light of *Johnson*, the Court finds, without objection from the parties, that Hill's prior Missouri conviction for stealing from a person no longer qualifies as a "violent felony" under the ACCA. The Court also finds, without objection from the parties, that Hill's prior Missouri conviction for attempted burglary is no longer considered a violent felony based on the decision by the Eighth Circuit in *United States v. Reid*, 769 F.3d 990 (8th Cir. 2014). The Court also concludes, and the parties agree, that Hill's prior conviction for Missouri trafficking in the second degree is not a serious drug offense.

The Court therefore concludes that without these prior Missouri convictions, Hill does not have the three necessary predicate convictions (either "violent felonies" or "serious drug offenses") to qualify him for sentencing under the ACCA.

Based on the above findings, the Court concludes that Hill's currently imposed sentence of 180 months is now a per se illegal sentence, not only in violation of the laws of the United States, but also in excess of the ten-year statutory maximum for the federal offense of being a felon in possession of a firearm, and that allowing this sentence to remain intact would violate due process and result in a fundamental miscarriage of justice.

### III. Conclusion

Hill's sentence was improperly imposed in light of the Supreme Court's opinion in *Johnson*. Accordingly, Hill's Motion to Correct Sentence is GRANTED. The Court will contact counsel to schedule a resentencing hearing consistent with this Order.

The Probation Office is directed to prepare and submit a new guideline calculation only, on or before September 23, 2016.

IT IS SO ORDERED.

DATED: August 30, 2016

/s/ _Dean Whipple_____
SENIOR JUDGE DEAN WHIPPLE
UNITED STATES DISTRICT COURT